1   Christopher M. Young (Bar No. 163319)
    christopher.young@dlapiper.com
2   Ryan T. Hansen (Bar. No. 234329)
    ryan.hansen@dlapiper.com
3   DLA PIPER LLP (US)
    401 B Street, Suite 1700
4   San Diego, CA 92101-4297
    Tel: 619.699.2700
5   Fax: 619.699.2701

6   Jameson B. Carroll (pro hac vice admission to be sought)
    Jcarroll@carrollweiss.com
7   Michael Weiss (pro hac vice admission to be sought)
    mweiss@carrollweiss.com
8   CARROLL & WEISS LLP
    1819 Peachtree Road, Suite 104
9   Atlanta, GA 30309
    Tel: 404.228.5337
10  Fax: 404.228.5564

11  Attorneys for Defendants
    Olympus America, Inc.; Olympus Corporation of the
12  Americas; Vincent J. Hernandez; Eric Arabit; and Katrina
    Respicio

13

14                  UNITED STATES DISTRICT COURT

15        CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

16

17  THE ESTATE OF SILVIA PATRICIA          CASE NO.
    AROCHE, by and through its
18  Successor-in-Interest, PAUL            **NOTICE OF REMOVAL OF**
    CAMPBELL, and PAUL CAMPBELL,           **DEFENDANTS OLYMPUS**
    an individual,                         **AMERICA, INC. AND OLYMPUS**
19                                         **CORPORATION OF THE**
                                           **AMERICAS**
20           Plaintiffs,

21      v.

22  OLYMPUS AMERICA, INC.;
    OLYMPUS CORPORATION OF THE
23  AMERICAS; OLYMPUS MEDICAL
    SYSTEM CORP.; VINCENT J.
24  HERNANDEZ; ERIC ARABIT;
    KATRINA RESPICIO; and DOES 1
25  through 20 Inclusive,

26           Defendants.

27

28

-1-

1    NOW COME defendants Olympus America, Inc. and Olympus Corporation
2    of the Americas (collectively "Olympus" or "the Olympus defendants") and for
3    their Notice of Removal of this action from the Superior Court of California,
4    County of Los Angeles, state as follows:
5        This Notice of Removal is filed pursuant to 28 U.S.C. § 1441, *et seq.*
6        Defendants Olympus America, Inc. and Olympus Corporation of the
7    Americas were served with the Summons and Complaint in this case, filed in the
8    Superior Court of California, County of Los Angeles, on March 17, 2015.  Counsel
9    for the individual defendants accepted service on behalf of those defendants on
10   March 3, 2015.  Defendant Olympus Medical Systems Corp., a Japanese entity, has
11   not yet been served.  As required by 28 U.S.C. § 1446(a), "a copy of all process,
12   pleadings, orders, and orders" served upon defendants are attached as Exhibit A.
13       This is a civil action that falls under the Court's original jurisdiction under 28
14   U.S.C. § 1332 (diversity of citizenship) and is one that may be removed to this
15   Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.  At the
16   time this action was filed, plaintiff Paul Campbell was a citizen of the State of
17   California.
18       At the time this action was filed, none of the Olympus defendants were
19   California citizens.  Olympus America, Inc. and Olympus Corporation of the
20   Americas are both New York corporations, with their principal places of business in
21   Center Valley, Pennsylvania.  The Olympus defendants are thus citizens of New
22   York and Pennsylvania.  Olympus Medical Systems Corp. is a Japanese entity with
23   its principal place of business in Tokyo, Japan.  For diversity of citizenship
24   purposes, the citizenship of John Doe defendants is not considered.  28 U.S.C. §
25   1441(b)(1).
26       Each of the individual defendants was and is an employee of Olympus
27   America, Inc.: Vincent J. Hernandez is an Endoscopy Account Manager, handling
28   sales and support; Eric Arabit and Katrina Respicio are Endoscopy Support

1   Specialists, handling service and training.  Each was, at the time this action was

2   filed, a citizen of California.  The citizenship of the individual defendants, however,

3   should be disregarded for removal purposes because they were fraudulently and

4   frivolously joined in the action.  "Fraudulent joinder 'is a term of art' used to

5   describe a non-diverse defendant who has been joined to an action for the sole

6   purpose of defeating diversity." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336,

7   1339 (9th Cir. 1987).  If defendants can show the plaintiffs cannot state a claim

8   against the non-diverse defendants, the requirement of complete diversity under 28

9   U.S.C. § 1332 is excepted.

10       It is well-settled under California law that a plaintiff cannot state a claim

11   against employees, absent allegations the employees acted for their own personal

12   interest.  *McCabe*, 811 F.2d at 1339 (holding employees were fraudulently joined

13   where they "were not alleged to have acted on their own initiative"); *Mercado v.*

14   *Allstate Insurance Co*., 340 F.3d 824, 826 (9th Cir. 2003) (finding fraudulent

15   joinder where employee was acting in the interest of her employer and not for her

16   own personal interest).  In this case, plaintiffs allege just that: they claim employees

17   were acting in the interests of their employer, in order to maximize its profits.

18       It is also well-settled in California that a plaintiff cannot state a claim against

19   a sales representative based on the information the representative provided, absent

20   an allegation the sales representative knew or had reason to know the information

21   was false or incomplete.  *Vu v. Ortho-Mcneil Pharmaceutical, Inc.*, 602 F. Supp. 2d

22   1151, 1153 (N.D. Cal. 2009).  In *Vu*, the Court denied a plaintiff's motion to

23   remand after finding a non-diverse sales representative was fraudulently joined.

24   602 F. Supp. 2d at 1154-55.  "A pharmaceutical sales representative has no duty to

25   investigate the risks of a medication beyond the information provided by her

26   employer and has no independent duty to warn a physician of risks unknown to

27   her." *Id.* at 1154 (quoting *DaCosta v. Novartis AG*, No. 01-800, 2002 WL

28   31957424, at *10 (D. Or. Mar. 1, 2002).  *See also, Id.* (quoting *Legg v. Wyeth, Inc.*,

-3-

1  428 F.3d 1317, 1324 (11th Cir. 2005) for the proposition a sales representative

2  "could not be held personally liable for the wrongful actions of her employer absent

3  any evidence that she knew or should have known of the drug's dangers"). Here,

4  plaintiffs do not allege the Endoscopy Account Manager *knew* information he was

5  providing was false or incomplete.

6      Plaintiff does not allege in his complaint either that any of the individual

7  defendants acted in his or her own personal interests, as opposed to that of their

8  employer, or that the employees knew or had reason to know the information they

9  allegedly provided to decedent's health care providers was false or incomplete.

10  (Compl. ¶¶ 46-49, 55-58.) Therefore, the inclusion of the individual defendants

11  does not defeat removal of the Action. *See Macey v. Allstate Prop. & Cas. Ins. Co.*,

12  220 F. Supp. 2d 1116, 1118 (N.D. Cal. 2002).

13      As established by the foregoing, the Olympus defendants are the only

14  defendants "properly joined and served" under 28 U.S.C. § 1441(b). Accordingly,

15  the controversy in the action is wholly between citizens of different states. Plaintiff

16  (individually and as successor-in-interest) is a citizen of California, and the

17  Olympus defendants are citizens of New York and Pennsylvania.

18      A district court has original diversity jurisdiction where "the matter in

19  controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

20  28 U.S.C. § 1332(a). A defendant attempting to remove a diversity case must show

21  by a preponderance of the evidence that the amount-in-controversy requirement is

22  satisfied. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 933 (9th Cir. 2001). "[D]istrict

23  courts may make reasonable deductions, reasonable inferences, or other reasonable

24  extrapolations from the pleadings to determine whether it is facially apparent that a

25  case is removable." *MIC Philberts Invs. v. American Cas. Co. of Reading*, No.

26  1:12-cv-0131 AWI-BAM, 2012 WL 2118239, at *4 (E.D. Cal. June 8, 2012)

27  (quoting *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058 (11th Cir. 2010) for the

28  proposition that "courts may use their judicial experience and common sense" in

-4-

1    determining how much is actually at issue in the case).

2        Plaintiffs here are seeking compensatory damages for the allegedly

3    "significant injury" and wrongful death of decedent Silvia Patricia Aroche.

4    (Compl. ¶¶ 5, 83-87.)  Those damages include past and future medical costs, past

5    and future loss of earnings and earnings capacity, past and future general damages,

6    funeral and burial expenses, and punitive damages.  (*Id*. at 19-20.)

7        It is facially apparent that plaintiffs who allege a wrongful death with

8    "significant injury" that includes medical expenses has placed in controversy an

9    amount that "exceeds the sum or value of $75,000."  28 U.S.C. § 1332(a).  The

10   same counsel filed a nearly identical wrongful death suit, also alleging infection

11   from an Olympus duodenoscope, in the Central District of California that alleged

12   damages above the ¶ 1332(a) threshold.  (*Hughes v. OAI*, Case No. 2:15-cv-02103,

13   attached as Ex. B.)  According to Thomson Reuters' current Personal Injury

14   Valuation Handbook, the nationwide median award in a wrongful death case in

15   2012 (the most recent year for which data is available) was $1,503,339, and the

16   mean for such awards was $3,439,035 (For product liability claims, the figures

17   were $450,000 and $3,028,865.) JURY VERDICT RESEARCH SERIES: PERSONAL

18   INJURY VALUATION HANDBOOK: CURRENT AWARD TRENDS IN PERSONAL INJURY at

19   19, Thomson Reuters (53d ed. 2014) (relevant pages attached as Ex. C).  In fact, the

20   median compensatory award for any sort of personal injury claim in California

21   from 2006 to 2012, let alone an injury resulting in death as alleged here, is

22   $135,500. *Id.* at 31.  Indeed, every one of the 48 "representative" wrongful death

23   verdicts and settlements listed on plaintiffs' counsel's own website are over

24   $1,100,000.  *See* http://www.psblaw.com/verdicts_settlements_pa.html (last visited

25   March 19, 2015).

26       Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed within

27   thirty days of first receipt by the Olympus defendants, through service or otherwise,

28   of a copy of an amended pleading, motion, order or other paper from which it may

-5-

1  first be ascertained that the case is one which is or has become removable.  (*See* ¶ 2,

2  *supra*.)

3       Also pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed

4  less than one year after suit was commenced in the state court.  Accordingly, this

5  Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446.

6       Venue of this removal is proper under 28 U.S.C. § 1441(a) because the

7  United States District Court for the Central District of California is the federal

8  district court for the district embracing the place where the state court suit is

9  pending.

10       The state court action may be removed to this Court by the Olympus

11  defendants in accordance with the provisions of 28 U.S.C. § 1441(a) and (b)

12  because: (i) this action is a civil action pending within the jurisdiction of the United

13  States District Court for the Central District of California; (ii) this action is between

14  citizens of different states; and (iii) the amount in controversy exceeds $75,000,

15  exclusive of interest and costs.

16       All properly served and joined defendants consent to removal to this Court,

17  pursuant to *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir.

18  2009).

19       Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action

20  has been given simultaneously to all counsel of record, and a Notice to Clerk of

21  Removal has been simultaneously filed with the Superior Court of California,

22  County of Los Angeles.  A true and correct copy of the Notice to Clerk of Removal

23  to be filed with the Superior Court of California County of Los Angeles is attached

24  hereto as Exhibit D.

25

26

27

28

-6-

1    WHEREFORE, defendants Olympus America, Inc. and Olympus

2  Corporation of the Americas hereby remove the above-captioned action, and

3  requests that further proceedings be conducted in this Court as provided by law.

4

5  Dated:  March 27, 2015              DLA PIPER LLP (US)

6

7                                     By: s/ Christopher M. Young
                                          CHRISTOPHER M. YOUNG
8
                                          Attorneys for Defendants
9                                         Olympus America, Inc.; Olympus
                                          Corporation of the Americas; Vincent J.
10                                        Hernandez; Eric Arabit; and Katrina
                                          Respicio
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WEST\255764103.1                                   NOTICE OF REMOVAL